IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE STRONG,

        Plaintiff,                         No. 2:09-cv-0815 FCD JFM PS

    vs.

M.A. TOLMAN, et al.,

        Defendants.               ORDER

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

On April 30, 2009, plaintiff was ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  On May 6, 2009, plaintiff filed a document entitled "Subject-Matter 'Fraud' misuse of federal funding For the end user 'the people.'"  Id.  On May 13, 2009, plaintiff filed a document entitled "Amendment:  answer to show cause."  Id.  Plaintiff contends this court has subject matter jurisdiction over the impounding of his automobile because the streets are federally funded and claims the police abused their power in impounding his car, in violation of the Ninth, Thirteenth and Fourteenth Amendments.  Plaintiff also contends that requiring drivers to have a license violates his fundamental right to travel.  In his complaint, plaintiff alleged an illegal monopoly of state streets based on Manteca police unlawfully ticketing and impounding plaintiff's automobile.

"Police will . . . frequently remove and impound automobiles which violate parking ordinances and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic.  The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge."

South Dakota v. Opperman, 428 U.S. 364, 368-69 (1976); Schneider v. County of San Diego, 28 F.3d 89, 92 (9th Cir.1994) (seizure of vehicles in open field in abatement of public nuisance pursuant to state's police power); Scofield v. City of Hillsborough, 862 F.2d 759, 763-64 (9th Cir.1988) (towing unregistered vehicles); cf. Miranda v. City of Cornelius, 429 F.3d 858, 864 n.4 (9th Cir.2005) (impoundment of vehicle from owner's driveway).

In his response to the order to show cause, plaintiff confirmed he received a citation for five infractions under California's Department of Motor Vehicles Code. (Complt. at 2.) Plaintiff argues that these laws are an abuse of police power and that his auto was "stolen" in violation of the Ninth and Fourteenth Amendments. Plaintiff contends his automobile is not a motor vehicle but is a consumer good and thus he is not required to register same or to be licensed to use it on the public roads. Plaintiff also argues that the insurance required for a motor vehicle also does not apply to him because "the nature of the machine he used to travel with that night [was a] consumer good." (Complt. at 14.) Plaintiff states he is a "private man[,] [i]n a private car, living his private life," (id.) and argues the state has no authority unless a crime or compelling state interest is clearly involved. (Id.)

Plaintiff's efforts to re-characterize the nature of his automobile are unavailing.[1] An impoundment of a vehicle is not an illegal seizure under the Fourth Amendment if it was reasonable under all the circumstances known to the police officer at the time the officer made the decision to impound. Opperman, 428 U.S. at 368-69. California authorizes peace officers to remove vehicles parked or stopped in violation of local ordinances. Cal. Veh.Code § 22651(n). In order to state a cognizable claim here, plaintiff must demonstrate that the seizure was unreasonable under Opperman, supra.

Finally, plaintiff states he has not been provided a hearing nor been notified by the Agency that took his auto. (Id. at 2.) It appears plaintiff may contend he was denied due process

---

[1] Plaintiff's arguments that he is a sovereign and thus not subject to DMV regulations are similarly unavailing.

because he wasn't provided notice before his auto was towed and was not given an opportunity to appeal the decision to tow his auto. If plaintiff wishes to pursue these allegations, he should include those facts supporting this claim.[2]

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). If plaintiff challenges the seizure of his vehicle under the Fourth Amendment, he must demonstrate how that seizure was unreasonable under Opperman, supra.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

---

[2] In this context, the court will address the factors set forth in Matthews v. Eldridge, 424 U.S. 319, 335 (1976)(First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and probable value if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.")

4

because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (#3) is granted;

2. The April 30, 2009 order to show cause is discharged;

3. Plaintiff's complaint is dismissed;

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

DATED: May 28, 2009.

UNITED STATES MAGISTRATE JUDGE

001; strong.lta

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE STRONG,

        Plaintiff,                      No. 2:09-cv-0815 FCD JFM PS

   vs.

M.A. TOLMAN, et al.,                <u>NOTICE OF AMENDMENT</u>

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                                      _____
                                                      Plaintiff