IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANCE STRONG,

        Plaintiff,               No. 2:09-cv-0815 FCD JFM PS

    vs.

M.A. TOLMAN, et al.,

        Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).  On May 29, 2009, plaintiff's complaint was dismissed and he was granted leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.

3            A complaint, or portion thereof, should only be dismissed for failure to state a

4    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

5    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

6    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

7    v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

8    complaint under this standard, the court must accept as true the allegations of the complaint in

9    question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

10   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

11   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12           Plaintiff again claims that this action is not about a "motor vehicle," as defined in

13   18 U.S.C. § 31(6), is not challenging an impediment to his right to travel, and is "not about re-

14   characterizing car; no vehicle is involved here. . ."  (Am. Complt. at 2.)  Plaintiff avers that his

15   automobile is a consumer good pursuant to UCC 9-109, and sets forth the following facts:

16           On March 3, 2008 officer MA Tolman did knowingly pull over a
             consumer good BMW on freeway by red lights:  stating to plaintiff
17           under circumstances a TR130 would be issued:  1) no registration
             under VC 4000; 2) no insurance under 16028  Tolman knowingly
18           use[d] Citation form TR130 intended for Commercial Vehicle:
             April 18, 200[8] plaintiff appeared in front of commissioner Seth
19           Holt Jr. and provided evidence of 'no jurist person involved' per
             codes cited:  evidence denied.  On April 18th 200[9] 10 pm
20           plaintiff was again pulled over by officers Aaron Montoya and
             Stepthen Dowswell by red lights:  under circumstance of head lamp
21           out: citation issued: false stop:  both lights worked: reflection seen
             by plaintiff:  forced to sign TR 130 for commercial vehicle or be
22           jailed: consumer good taken: a request[] to speak with commander
             on duty Mike Aguilar: After Aguilar talked to Stephen Aguilar
23           denied request; to review documents:  all officers informed of
             facts:  cars [were] bought and used only for personal, family and
24           household use see; purchase sales contract:  proving intent of use:
             . . .

25   (Am. Complt. at 4.)  Plaintiff states he was not stopped, parked or obstructing but was "loco-

26   motioning a block from home," (id. at 2) when the patrol car pulled him over.

1    In this court's May 29, 2009 order, the court explained that in order to state a

2 cognizable civil rights claim he must demonstrate the impoundment was unreasonable under

3 South Dakota v. Opperman, 428 U.S. 364, 368-69 (1976).  Plaintiff has failed to so demonstrate.

4    Whether or not the UCC defines "motor vehicle" as a consumer good, the

5 California Vehicle Code defines a motor vehicle as "a vehicle which is self-propelled."  Cal.

6 Vehicle Code § 415.  The term "vehicle" is defined as

7    A "vehicle" is a device by which any person or property may be
     propelled, moved, or drawn upon a highway, excepting a device
8    moved exclusively by human power or used exclusively upon
     stationary rails or tracks.
9

10 Cal. Vehicle Code § 670.  Insurance Code § 11580.06, subdivision (a) defines a motor vehicle as

11 "any vehicle designed for use principally upon streets and highways and subject to motor vehicle

12 registration under the laws of this state."  Cal. Insurance Code § 11580.06(a).

13    Under these common sense definitions, plaintiff's BMW and Jaguar are both

14 considered motor vehicles under California law.  Although plaintiff claims two cars are not at

15 issue in this case, he previously stated two cars are at issue in this case:

16    On the night of March 18-09 at 22:55 two officers of the Manteca
     police Dept did illegally steal and impound plaintiff['s] private
17   property.  Triggering Federal Jurisdiction by the following way.  A
     Jag not a BMW:  Two cars are in this case. . . .
18

19 (Pl.'s May 6, 2009 filing at 1.)  It is unclear from the amended complaint whether plaintiff is

20 challenging police actions with regard to the BMW and the Jaguar, or just the Jaguar.[1]

21    Plaintiff attempts to argue his "consumer goods" are exempt from the registration

22 provision because they were bought and used only for personal, family and household use.  (Am.

23 Complt. at 4.)  However, there is no such exemption in the California Vehicle Codes or

24 Insurance Codes.  Plaintiff's citations to Virginia's uniform commercial code or cases from other

25 

26    [1]  In his May 6, 2009 filing, plaintiff states there was no impound of the BMW, just the
Jaguar.  (Docket No. 7 at 3.)

jurisdictions are unavailing.  The applicable state law also does not differentiate between commercial or private motor vehicles, at least for purposes of requiring registration and insurance.

Moreover, despite plaintiff's novel attempt to explain the movement of his "consumer good" as "loco-motioning," it is clear from his filings in this case that he was driving or operating the vehicle on a public street at the time the police officer pulled him over.

In at least one instance, plaintiff was cited for failing to register his motor vehicle pursuant to Cal. Vehicle Code § 4000:

> (a)(1) No person shall drive, move, or leave standing upon a highway, or in an offstreet public parking facility, any motor vehicle, trailer, semitrailer, pole or pipe dolly, or logging dolly, unless it is registered and the appropriate fees have been paid under this code or registered under the permanent trailer identification program, except that an off-highway motor vehicle which displays an identification plate or device issued by the department pursuant to Section 38010 may be driven, moved, or left standing in an offstreet public parking facility without being registered or paying registration fees.

Id.  Plaintiff was also cited for failing to demonstrate proof of liability insurance on the vehicle, as required by California law.

In California, a peace officer may impound a vehicle under the following circumstances:

> (o)(1) When a vehicle is found or operated upon a highway, public land, or an offstreet parking facility under the following circumstances:
>
> > (A) With a registration expiration date in excess of six months before the date it is found or operated on the highway, public lands, or the offstreet parking facility.
> >
> > . . . .
>
> (2) When a vehicle described in paragraph (1) is occupied, only a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, may remove the vehicle.

4

1
2
3

> (3) For the purposes of this subdivision, the vehicle shall be released to the owner or person in control of the vehicle only after the owner or person furnishes the storing law enforcement agency with proof of current registration and a currently valid driver's license to operate the vehicle.

4  California Vehicle Code § 22651(o)(1)-(3).

5          The impoundment of an automobile is a seizure within the meaning of the Fourth

6  Amendment.  Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir.2005).  Such a seizure

7  must therefore be reasonable.  Id.  As part of their "community caretaking" function, police

8  officers may impound vehicles that "jeopardize safety and the efficient movement of vehicular

9  traffic."  Id. at 864 (internal quotation marks omitted).  Whether an impoundment is warranted

10  under this community caretaking doctrine "depends on the location of the vehicle and the police

11  officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism

12  or theft."  Id. (citing United States v. Jensen, 425 F.3d 698, 706 (9th Cir.2005)).  Violation of

13  traffic regulation justifies impoundment of vehicle, under "community caretaking doctrine," if

14  the driver is unable to remove the vehicle from a public location without continuing its illegal

15  operation.  See Miranda, 429 F.3d at 865.  Further, if allowing a driver to remove a vehicle

16  would result in violation of a traffic regulation, impoundment of a vehicle is reasonable.  Id.

17          In the instant case, plaintiff does not contend he had legally registered and insured

18  either motor vehicle; rather, plaintiff argues that he was not required to register or insure these

19  motor vehicles because they were "consumer goods" and therefore were not required to be

20  registered or insured.[2]  As explained above, however, the Jaguar and BMW are motor vehicles

21  under California law and, as such, are required to be insured and registered pursuant to California

22  law.  Plaintiff was operating these vehicles on public streets.  Plaintiff could not legally drive

23  these vehicles on public streets because they were not legally registered or insured.  In addition, if

24  plaintiff did not have a valid driver's license, he could not legally drive the vehicle on public

25
26        [2] Indeed, in his March 24, 2009 filing, he claims he is not subject to Department of Motor Vehicle codes.

5

1  streets.  Thus, impoundment of the vehicles was reasonable.  See Miranda, 429 F.3d at 865.  As

2  noted above, plaintiff may obtain release of his vehicle by, *inter alia*, furnishing the storing law

3  enforcement agency with proof of current registration and a currently valid driver's license to

4  operate the vehicle.

5  Plaintiff also alleges a Fourteenth Amendment violation.

6  Under the Due Process Clause of the Fourteenth Amendment, courts generally

7  require a state to provide notice to a person prior to depriving them of their property.  See

8  Zinermon v. Burch, 494 U.S. 113, 132, 110 S.Ct. 975 (1990); Mullane v. Central Hanover Bank

9  and Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652 (1950).  The Court of Appeals for the Ninth

10  Circuit has held that this general rule requires the government to attempt to notify the owner of a

11  vehicle before impounding the vehicle.  Clement v. City of Glendale, 518 F.3d 1090, 1094 (9th

12  Cir.2008).

13  Here, however, plaintiff was given notice of the impoundment because he was

14  present at the time of impoundment.  In addition, he was provided citations which explained why

15  the motor vehicle was being impounded.  (March 24, 2009 Complt. at 1-2.)  Plaintiff alleges he

16  appeared before commissioner Seth Holt, Jr. on April 18, 2008, and "provided evidence of 'no

17  jurist person involved' per codes cited: evidence denied."  (Am. Complt. at 4.)  Plaintiff contends

18  he was pulled over again that night, at 10 p.m., cited for head lamp out, issued a TR 130,[3] and his

19  "consumer good" was taken.  (Id.)  Plaintiff was allowed to speak with the commander on duty,

20  who refused to allow plaintiff to review documents.  (Id.)  Plaintiff informed the commander that

21  the automobile was plaintiff's consumer good used only for personal, family and household use.

22  (Id.)

23  /////

24  /////

25

26  [3]  A TR 130 is a Traffic/Nontraffic Notice to Appear.

1    Plaintiff states the court appearance did take place on the date set forth on the

2  citation, but that the citation was not in the computer.  (Am. Complt. at 3.)  Plaintiff alleges he

3  requested to see a magistrate three days later, but his request was denied.  (Id.)

4    The amended complaint as presently written does not state a due process claim.  It

5  appears plaintiff was provided notice, a citation and a court hearing.  Although he states the

6  citation was not in the computer, he fails to explain what happened at the hearing.  It appears

7  plaintiff is aware of what he needs to do to obtain release of his vehicle from impound:

8    car is in impound.  By demanding a 12500 license:[4] and 4000 reg.
     and 16028 employer insurance along with a fee to get the car out of
9    impound when it was taken illegally in the first instant. . . .

10  (Am. Complt. at 15.)

11    Because plaintiff's claims that his motor vehicle was impounded illegally are

12  unavailing, and he has failed to state a cognizable due process claim, this court will recommend

13  dismissal of the action.  Plaintiff was previously granted leave to amend his complaint to

14  demonstrate that defendants' impound of the vehicle was unreasonable; plaintiff has failed to do

15  so.

16    In accordance with the above, IT IS HEREBY RECOMMENDED that this action

17  be dismissed.

18    These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

20  days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

23  /////

24  _____

25    [4]  California Vehicle Code § 12500 states that "[a] person may not drive a motor vehicle
     upon a highway, unless the person then holds a valid driver's license issued under this code,
26  except those persons who are expressly exempted under this code."  Cal. Vehicle Code
     § 12500(a).

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  June 25, 2009.

4

5                                          UNITED STATES MAGISTRATE JUDGE

6

7   001;strong.fr

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26